MARGARET MURPHY, PLAINTIFF, v. ALFRED ZIMMER-
MAN, DEFENDANT.

MARY MURPHY, PLAINTIFF, v. ALFRED ZIMMERMAN,
DEFENDANT.

Submitted January term, 1931—Decided June 29, 1931.

Before Justices CASE, DALY and DONGES.

For the rule, *Romulus P. Rimo.*

*Contra, Andrew M. Cella.*

PER CURIAM.

This is on plaintiff's rule to show cause why a new trial
should not be granted. Various grounds are listed in the
rule but the alleged misconduct of a juror is the only reason
now presented. Verdict had been for the defendant in both
cases, tried together.

The contention on the rule is that the defendant before
trial was seen talking near the probation officer's room in
the court house with a man who was later drawn on the panel
to try the case, that while the attorney for the plaintiffs was
summing up this juror was seen to grin and wink at the
defendant, and that the juror went down in the same elevator
with the defendant after the trial. It is significant that the
matter was not, in any of its phases, called to the attention
of the court until after the verdict.

All of these allegations are denied. We are not satisfied

that the alleged incidents actually occurred, but even on the assumption that they did happen we find no reason for a new trial. The alleged acts of misconduct were known to the plaintiffs, according to the testimony advanced by the latter, contemporaneously with the occurrences. The first incident could have been met by a challenge when the juror was drawn. The second incident should have been followed by timely complaint lodged with the court. It was not for the plaintiffs to sit by and gamble with their knowledge against the verdict. The third incident was after the rendition of the verdict and seems quite pointless. But in any event no improper communication, partisan influence, purposeful meeting, ulterior motive or consequent effect is shown or even intimated.

The rule will be discharged, with costs.